IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SYLVESTER YOUNG, #R2999                                          PLAINTIFF

VERSUS                           CIVIL ACTION NO. 4:08cv92-TSL-LRA

FRANCES SMITH STEPHENSON,
PRESIDENT OF THE BOARD OF SUPERVISORS,
STATE OF MISSISSIPPI,
and BILBO MITCHELL                                               DEFENDANTS

<u>ORDER</u>

This cause comes before this court on plaintiff's response [24] filed August 25, 2009, and his "motion to vacate judgment and sentence imposed in which violated petitioner constitutional rights" which was filed as another response [25] on August 25, 2009. As discussed below, the response [24] is well-taken and the motion to vacate judgment [25] is not well-taken and will be denied.

The plaintiff filed the instant § 1983 action against Frances Smith Stephenson, his court appointed attorney; President of the Board of Supervisors; State of Mississippi and Bilbo Mitchell, District Attorney. In his complaint [1], the plaintiff requested as relief monetary damages. On July 21, 2009, this court entered an order [21] finding that the plaintiff was required to provide additional information concerning his § 1983 claims against defendants Stephenson, his court appointed attorney, and Mitchell, the district attorney. The court determined, as stated in the order [21] of July 21, 2009, that at

best the plaintiff had stated a claim of denial of access to the courts by defendant Mitchell and a claim that defendant Stephenson entered into a conspiracy with "judges" to deprive him of his constitutional rights. Having reviewed the response [24], this court has come to the following conclusion.

In order to maintain an action pursuant to § 1983, the plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988).

The plaintiff named the State of Mississippi as a defendant in this cause. The United States Supreme Court stated that a state is not a "person" within the meaning of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); see also Ruiz v. Price, 2003 WL 22975509 (5th Cir. 2003). Hence, the plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against defendant State of Mississippi.

Additionally, this court has determined that the plaintiff's allegations against defendant President of the Board of Supervisors in his response [17] fails to rise to a claim of constitutional deprivation. In the case of an alleged conspiracy, "'[m]ere conclusory allegations of conspiracy cannot, absent reference to material facts, 'constitute grounds for § 1983 relief." Dayse v. Schuldt, 894 F.2d 170, 173 (5th Cir.

1990). The plaintiff has merely asserted conclusory claims against defendant President of the Board of Supervisors. Consequently, the plaintiff cannot maintain this civil action against this defendant.

As for his claim against defendant Stephenson, it is clear from his response [24] that he cannot maintain this civil action against her at this time. See Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The United States Supreme Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted) (emphasis added); see also Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).

If plaintiff is successful in this § 1983 action against defendant Stephenson relating to his claim that she was ineffective in representing him in his criminal conviction as asserted in his response [24], it would necessarily imply the invalidity of his conviction. See Strickland v. Washington, 466 U.S. 668 (1984). Since the plaintiff's § 1983 claim against defendant Stephenson calls into question the validity of his conviction and because he has failed to demonstrate that his conviction and/or sentence has been invalidated, this court finds that plaintiff's claim against defendant Stephenson should be dismissed for failure to state a claim because no cause of action has accrued. See Heck v. Humphrey, 512 U.S. 477 (1994).

However, the plaintiff may pursue in the instant § 1983 civil action his claims concerning the denial of access to the courts by defendant Mitchell.[1]

Finally, the plaintiff's response [25] requesting that his state court judgment and sentence be vacated is denied. Clearly, this is a request that must be pursued as a request for habeas

---

[1] The United States Court of Appeals for the Fifth Circuit has held in Serio v. Members of Louisiana State Board of Pardons, 821 F.2d 1112, 1119 (5th Cir. 1987), that when a complaint "combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims."

corpus relief. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989) (The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus)). Accordingly, it is therefore,

ORDERED

1. That the State of Mississippi, Frances Smith Stephenson and President of the Board of Supervisors are dismissed as defendants in this action.

2. That the plaintiff's claims concerning ineffective assistant of counsel against defendant Stephenson are dismissed with prejudice for failure to state a claim.[2] The dismissal of this claim will count as a strike pursuant to 28 U.S.C. § 1915(g). See Comeaux v. Cockrell, 72 Fed. Appx. 54, 55 (5th Cir.2003)

3. That the motion to vacate judgment filed as a response [25] is denied.

4. That the plaintiff within 20 days of the date of this order shall provide this court with the civil action number of every civil action or appeal which the plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted. Plaintiff

---

[2] "Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

shall also provide the name of the court and name(s) of defendant(s) in each civil action identified.

5. That the United States District Clerk is hereby directed to issue summons to the defendant,

> **BILBO MITCHELL, District Attorney**
> **500 Constitution Avenue**
> **Meridian, MS 39302**

<u>requiring a response to the complaints</u>. The clerk is directed to attach the following to the complaint [1]: a copy of this order, a copy of the order [14] entered November 7, 2008; a copy of the response [17] filed December 3, 2008; a copy of the order [21] entered July 21, 2009, and a copy of the response [24] filed August 25, 2009, that will be served on the named defendant. The United States Marshal shall serve the same pursuant to 28 U.S.C. § 1915(d).

6. That the defendant file his answer or other responsive pleading in this cause in accordance with the *Federal Rules of Civil Procedure* and the Local Rules of this court.

7. That subpoenas shall not be issued except by order of the court. The United States District Clerk shall not issue subpoenas upon request of the <u>pro se</u> litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review. The plaintiff shall submit all request for the issuance of subpoenas to the Magistrate Judge's office for review.

**The plaintiff should understand that this order allowing process to issue against the above named defendant does not reflect any opinion of this court that the claims contained in the complaint will or will not be determined to be meritorious.**

**It is the plaintiff's responsibility to prosecute this case. Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.**

SO ORDERED, this the   3rd   day of September, 2009.

                         /s/Tom S. Lee
                         UNITED STATES DISTRICT JUDGE